BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET • SUITE 900 • OAKLAND, CA 94612 • PH. 510.874.1000 • FAX 510.874.1460

March 6, 2012

Chief Judge Dennis Jacobs
Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2904
New York, New York 10007

Re:  *In Re Bradley Stinn*, Case No. 11-5247

Honorable Chief Judge Jacobs:

We write on behalf of petitioner Bradley Stinn. Mr. Stinn's motion to vacate and set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 ("2255 motion") was filed with the district court on April 28, 2011. Stinn filed a petition for a writ of mandamus with this Court on December 20, 2011 ("petition"), asking the Court to order the district court to decide Stinn's motion or grant him bail. That petition has now been pending for over 75 days. We respectfully request that the Court rule on Stinn's petition as soon as possible because we firmly believe that he is being held in prison and serving a twelve-year sentence in violation of his constitutional rights.

We also write to bring two matters to the Court's attention.

1.  This Court recently issued a decision in *United States v. Coppola*, No. 10-0065-CR, --- F.3d ---, 2012 WL 456514 (2d Cir. Feb. 14, 2012). In deciding an appeal from a Hobbs Act conviction, the panel made important observations about the defects in the mail, wire, and securities fraud statutes of Title 18—the same defects raised in Stinn's 2255 motion. The *Coppola* Court noted that the Title 18 fraud statutes provide "no textual guidance about the duties whose violation will amount to a deprivation of 'honest services,' *see, e.g., Sorich v. United States*, 129 S.Ct. 1308, 1310 (2009) (Scalia, J., dissenting from denial of certiorari) (discerning no 'coherent limiting principle' defining what 'honest services' is, 'whence it derives, and how it is violated')." *Coppola*, 2012 WL 456514 at *9. The Court also distinguished the Hobbs Act's "specifically enumerate[d]" fiduciary duties from the "unconstitutional ambiguity" of the "general and undefined fiduciary standard" improperly used by prosecutors in Title 18 "honest services" prosecutions. *Id*. *Coppola* notes that honest-services fraud criminalized "mere self dealing, that potentially 'staggeringly broad swath of behavior,'" *Id*. at *10 (citing *Sorich v. United States*, 129 S. Ct. at 1309 (Scalia, J., dissenting from denial of

certiorari)). The panel further refused to accept the government's claim that the Second Circuit has previously endorsed a "salary theory" of tangible property for a defendant who "fraudulently *obtains* a position and therefore also receives the salary and benefits that come with that position" or some "variant of the 'salary theory.'" *Id.* at *10 n. 11 (emphasis added).

    Stinn was convicted of violating "general and undefined fiduciary" duties while receiving a salary and bonus. In his 2255 motion, he explained that every "property" theory advanced by the government against him was improper after *Skilling v. United States*, 130 S.Ct. 2896 (2010). He further explained that the government's tactical decision to omit a reference to "honest services" in the indictment and rely on the same evidence to convict Stinn of Title 18 fraud did not insulate the conviction from scrutiny and reversal. Finally, the government has never claimed that Stinn obtained his position by fraud; in any event, the theory that an employee's salary may constitute tangible property in wire or mail fraud prosecutions was rejected by the Supreme Court in *Skilling* and by this Court long ago. *United States v. Miller*, 997 F.2d 1010, 1018 and n. 6 (2d Cir. 1993) (the salary theory (also called the constructive trust theory) "cannot be reconciled" with *McNally v. United States*, 483 U.S. 350 (1987), and *Carpenter v. United States,* 484 U.S. 19 (1987); it "achieved a tentative endorsement from only one of the justices in McNally [Stevens, in dissent], and was implicitly repudiated by the balance of the Court").[1]

    2.    The Supreme Court granted certiorari in *Williams v. Cavazos*, 646 F.3d 626 (9th Cir. 2011), *cert. granted*, 80 132 S. Ct. 1088 (U.S. Jan. 13, 2012) (No. 11–465), an opinion to which Stinn cited in his 2255 motion and in paragraph 24 of his petition. That grant has no impact on the merits of Stinn's position. Stinn cited *Williams* to support his argument that the dismissal of a juror in favor of acquittal violates a defendant's Sixth Amendment right to a unanimous jury unless there is no possibility that those views were the impetus for the dismissal. The Supreme Court agreed to decide a single, entirely different issue: whether the Ninth Circuit failed to defer sufficiently to a state court decision as required by 28 U.S.C. § 2254(d). That question has no application to Stinn's petition, which concerns his conviction in federal court. In fact, the petition for the writ of certiorari also asked the Supreme Court to review the Ninth Circuit's decision that the

---

[1] In *United States v. Rybicki*, 354 F.3d 124, 156, 159, 161 (2d Cir. 2003) (Jacobs, J., dissenting), Your Honor wrote that the honest services theory used by the government in its Title 18 fraud prosecutions "flunks the test for facial vagueness" and that "the prosecutors in the Eastern District of New York did not understand what the statute meant." Here, Stinn was prosecuted (in the Eastern District of New York) for a category of "honest services" breaches that *Skilling* undoubtedly rejected: the breach of the duty of honesty and loyalty to a corporation while receiving a salary.

state court unconstitutionally dismissed a juror – the issue raised in Stinn's petition – and the Supreme Court declined to do so.

    We respectfully request that the Court grant Stinn's petition.

Very truly yours,<br>
/s/<br>
David W. Shapiro

Encl.

cc:    Hon. Nina Gershon (by ECF)
       Loretta E. Lynch, U.S. Attorney (by U.S. Mail)
       AUSA Peter Norling (by ECF)